|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| SDS LUMBER CO., | | CASE NO. C20-5767 MJP |
| | Petitioner, | ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO AMEND COMPLAINT |
| v. | | |
| KEVIN GREGORY et al., | | |
| | Claimants. | |

This matter comes before the Court upon Petitioner SDS Lumber Co.'s Motion to Amend the Complaint. (Dkt. No. 23.) Having reviewed the Motion, the Response (Dkt. No. 26), the Reply (Dkt. No. 28), and the related record, the Court GRANTS the Motion.

**Background**

On March 21, 2018, Petitioner's tugboat, the DAUBY, was on a one-day voyage from Bingen, Washington, to Tansy Point, Oregon, navigating downriver on the main shipping channel in the navigable waters of the Columbia River. (Dkt. No. 1 ("Compl.") at 2.) The DAUBY was towing two barges, one empty and the other filled with wood chips. (Id.) At 7:40

am, while surrounded by heavy fog, the DAUBY collided with a 20-foot recreational vessel with the Claimants Kevin and Jacob Gregory aboard. (Id.) SDS alleges that the Gregorys were crossing the shipping channel in heavy fog when their main outboard engine died. (Id.) The Gregorys were ejected and had to be rescued by good Samaritans, while the captain of the DAUBY was unaware of the collision and did not stop. (Id.)

After the Gregorys filed a lawsuit in Cowlitz County Superior Court on June 1, 2020, Gregory v. S.D.S. Lumber Co. and Gorge Leasing Co., Case No. 20-2-00393-08, SDS filed this action to limit its liability pursuant to 46 U.S.C. §§30501-30512. SDS approximates the value of the Gregorys' claims to be $2,650,000 based on a letter from their counsel. (Compl. at 3.)

On October 29, 2020, in the Parties' Joint Status Report, Claimants asserted that SDS failed to plead exoneration, which "amounts to a confession of liability for the collision by the Petitioner." (Dkt. No. 22 at 3.) SDS disagrees, citing its allegation in the Complaint that it is "without fault or negligence, as defined under 46 U.S.C.§§30501-30512." (See Compl. at 3.) Nevertheless, "[f]or clarity," SDS now moves to explicitly disclaim liability by adding the term: "exoneration from or" before "limitation of liability" in an amended complaint. (Dkt. No. 23.)

**Discussion**

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." See Fed. R. Civ. P. 15(a)(2); AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 951 (9th Cir. 2006). The purpose of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). "But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in

1  litigation; or (4) is futile." AmerisourceBergen, 465 F.3d at 951. The Claimants only object on

2  the fourth ground, arguing that amendment is futile. (See Dkt. No. 26.)

3    As an initial matter, SDS moves to strike the exhibits relied on in Claimants' Response.

4  (Dkt. No. 28 at 1 (citing Dkt. No. 27, Ex. A-D).) These exhibits are part of the United States

5  Coast Guard's investigation file into the collision, and include (1) the captain of the DAUBY's

6  recorded statement to the Coast Guard; (2) the Coast Guard Report of Marine Casualty; (3) the

7  Coast Guard's Administrative Complaint; and (4) a copy of the Settlement Agreement between

8  the Captain and the Coast Guard suspending his license for two months. Claimants rely

9  exclusively on this material to argue that because the DAUBY committed several statutory

10 violations—as determined by the Coast Guard's investigation—SDS cannot plausibly and in

11 good faith allege that it was not at fault for the collision. But as SDS notes, Claimants exhibits

12 are inadmissible as evidence in this matter:

13   [N]o part of a report of a marine casualty investigation conducted under section 6301 of this title, including findings of fact, opinions, recommendations,
14   deliberations, or conclusions, shall be admissible as evidence or subject to discovery in any civil or administrative proceedings, other than an administrative
15   proceeding initiated by the United States.

16 46 USCS § 6308(a). Further, even if the Court were to consider these exhibits, Claimants cite no

17 authority that requires the Court to accept the Coast Guard's findings.

18   "The standard for granting leave to amend is generous." Balistreri v. Pacifica Police

19 Dep't, 901 F.2d 696, 701 (9th Cir. 1988). Leave should be granted where the court can

20 "'conceive of facts' that would render plaintiff's claim viable" and can "discern from the record

21 no reason why leave to amend should be denied." Id. (quoting Scott v. Eversole Mortuary, 522

22 F.2d at 1116.) Here, the Complaint alleges that in heavy fog Claimants were crossing the main

23 shipping channel of the Columbia River in a small recreational boat when they stopped in the

24

1   middle of the channel because their engine died.  (See Compl. at 2.)  These allegations are
2   sufficient, if accepted as true, to state a claim for SDS's exoneration based on the Claimants'
3   potential culpability in causing the collision.  See, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)
4   (citation omitted).  This is especially so when it is the Claimants who have the burden of proving
5   SDS was negligent.  See Walston v. Lambertsen, 349 F.2d 660, 663 (9th Cir. 1965) ("In the
6   admiralty proceeding in which a shipowner seeks to exonerate himself from liability or to limit
7   his liability, the burden of proving negligence or unseaworthiness rests upon the claimant.")

**Conclusion**

In sum, because Claimants have failed to demonstrate amendment would be futile, the Motion for Leave to Amend is GRANTED.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 11, 2021.

Marsha J. Pechman
United States Senior District Judge