THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SDS LUMBER CO., <br><br> Petitioner (s), <br><br> v. <br><br> KEVIN GREGORY et al. <br><br> Claimant (s). | IN ADMIRALTY <br><br> NO. 3:20-cv-05767-MJP <br><br> MOTION TO COMPEL DISCOVERY ANSWERS AND RESPONSES <br><br> **NOTE ON MOTION CALENDAR: APRIL 23, 2021** |

### I. RELIEF REQUESTED

Petitioner SDS Lumber Co. ("SDS Lumber") respectfully requests the Court to order claimants Kevin and Jacob Gregory ("Claimants" or "Gregorys") to produce basic, discoverable information concerning their injury claims that they have made in this case: (1) pre- and post-incident medical records and information; (2) pre-and post-incident prescription medication records and information; (3) pre- and post-incident psychological-care records and information; and (4) signed releases for medical, pharmacy and psychological-care records. These records are relevant and probative of their claims for physical injuries and mental anguish, for which they have waived any claim of privilege. For these reasons, as explained more fully below, SDS Lumber's Motion should be granted.

### II. CERTIFICATION

The undersigned attorney certifies she met and conferred with Gregorys' counsel on

MOTION TO COMPEL
Case No. 3:20-cv-05767-MJP - 1

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE - Suite 2400
SEATTLE, WA 98121-2320
(206) 443-3400

December 10, 2020 and again on February 4, 2021.  FRCP 37(a)(1); LCR 37(a)(1); Declaration of Meliha Jusupovic.  The issues presented in this Motion were discussed with Gregorys' counsel, but were unable to be resolved.  *Id*.  This Motion necessarily follows.

### III.  FACTS

#### A.    BACKGROUND

On March 21, 2018, SDS Lumber's tug DAUBY was navigating downriver in the main shipping channel on the Columbia River pushing ahead a loaded chip barge and another empty barge made fast to it when it collided with a 20-foot recreational vessel.  Amended Complaint (Dkt. No. 30), ¶IV.  Claimants, transiting in the recreational vessel, reportedly went into the Columbia River and were rescued by good Samaritans.  *Id*.  Tug DAUBY's master was unaware of the presence of the recreational vessel due to heavy fog and the engine failure of the recreational vessel.  *Id*.

Claimants initially filed a complaint for personal injuries in Cowlitz County Superior Court stemming from the incident.  *Id.* at ¶VI.  SDS Lumber believes the approximate value of their claims is $2.90 million based on a letter by claimants' counsel dated May 5, 2020.  *Id.*[1]

Claimants have put their physical and mental health conditions at issue in this case.  In their Answers and Claims in response to SDS Lumber's Amended Complaint, Claimants pray "[t]hat the Court find that Limitation Plaintiff had privity and knowledge of negligent acts and omissions that were a cause of Claimant's injuries" and their "claims for damages." Dkts. 35 and 36 at 12, ¶¶5, 7.  In their Motion to Dismiss, Claimants have specified their alleged physical and mental injury claims:

> They experienced shock, terror, and fear of immediate and impending death.  Claimants were physically injured, experienced mental anguish, continue to experience mental anguish, and have suffered economic damages by being run over by the Flotilla . . .

---

[1] The Amended Complaint incorrectly states the dollar amount of the Gregorys' claims as $2.65 million based on their May 5, 2020 demand letter.  As clarified by SDS Lumber, the May 5, 2020 letter actually states the total of their claims as $2.90 million.  *See* Declaration of Matthew C. Crane (Dkt. No. 43), ¶2.

MOTION TO COMPEL
Case No. 3:20-cv-05767-MJP - 2

ATTORNEYS AT LAW
BAUER  MOYNIHAN  &  JOHNSON LLP
2101 FOURTH AVENUE - Suite 2400
SEATTLE, WA  98121-2320
(206) 443-3400

Dkt. No. 37 at 3.

### B.    SDS LUMBER'S DISCOVERY REQUESTS

To assess their alleged injuries and prepare its defenses, SDS Lumber served on the Gregorys basic discovery requests seeking records and information concerning their medical treatment, psychological treatment and prescription records for the past ten years as well as incident-related treatment. Dkt. Nos. 43-1 and 43-2. Interrogatory number two requested a list of injuries and illnesses pre- and post-incident; Interrogatory number three requested health care provider information for treatment in the last ten years and post-incident; Request for Production number 21 requested medical records/reports for the last ten years and post-incident; and Request for Production number 22 requested signed releases for health care records for the last ten years and post-incident. *Id.*

Gregorys objected to each request and have produced no medical, prescription, or psychological records whatsoever for their pre- or post-incident condition or treatment. *Id.* Gregorys' objections center on their representations that they are limiting their claims to "garden variety" mental anguish and pain and suffering, and will "present no medical records or call any medical providers" to testify at trial. *Id.*

### IV. AUTHORITY AND ARGUMENT

### A.    APPLICABLE STANDARDS

Under Fed. R. Civ. P. 26, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The test for relevance is simply whether the evidence is "relevant to any party's claim or defense." *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016) (quoting Rule 26).

MOTION TO COMPEL
Case No. 3:20-cv-05767-MJP - 3

ATTORNEYS AT LAW
BAUER  MOYNIHAN  &  JOHNSON LLP
2101 FOURTH AVENUE - Suite 2400
SEATTLE, WA  98121-2320
(206) 443-3400

The party seeking discovery does not have "the burden [of] addressing all proportionality considerations," *id.*, but should "explain the ways in which the underlying information bears on the issues as that party understands them." *Id.* at 565. The party "claiming undue burden or expense ordinarily has far better information — perhaps the only information — with respect to that part of the determination." *Id.* (quoting Advisory Committee Notes for 2015 Amendments). The court then considers the factors "in reaching a case-specific determination of the appropriate scope of discovery." *Id.*

Complete and accurate responses to discovery requests "are imperative to the functioning of the modern trial process." *Averbach v. Rival Mfg. Co.*, 879 F.2d 1196, 1201 (3d Cir. 1989) (citing *Rozier v. Ford Motor Co.*, 573 F .2d 1332, 1346 (5th Cir. 1978)), *cert. denied* 493 U.S. 1023, 110 S.Ct. 726, 107 L.Ed.2d 745 (1990). Once the requesting party establishes that the request seeks relevant information, the party resisting discovery "has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Superior Comm's v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (CD Cal. 2009). The party "opposing discovery carries 'a heavy burden of showing' why discovery should be denied." *Olivo v. Fresh Harvest, Inc.*, 2018 U.S. Dist. Lexis 188212, *2-3 (SD Cal. 2018) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

This court has "broad discretion in determining relevancy for discovery purposes." *Hallett v. Morgan,* 296 F.3d 732, 751 (9th Cir. 2002). If a party fails to respond to discovery, the requesting party "may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Motions to compel are granted when it is clear the responses are needed to defend a case or the opposing party does not have a legitimate reason to oppose the requests. *See*, *e.g.*, *Chi Chen v. U.S. Bank Nat'l Ass'n*, 2019 U.S. Dist. Lexis 218256, at *10 (WD Wash. Dec. 19, 2019) ("U.S. Bank is entitled to obtain relevant discovery proportional to this multi-million-dollar case"); *Olympic Air, Inc. v. Helicopter Tech. Co.*, 2020 U.S. Dist. Lexis 203100, at *10 (WD Wash. Oct. 30, 2020) ("plaintiffs have remained unable to conduct permissible discovery in

MOTION TO COMPEL
Case No. 3:20-cv-05767-MJP - 4

ATTORNEYS AT LAW
BAUER  MOYNIHAN  &  JOHNSON LLP
2101 FOURTH AVENUE - Suite 2400
SEATTLE, WA  98121-2320
(206) 443-3400

order to refute HTC's assertions").

The documents and information requested by SDS Lumber fall squarely within the scope of discovery permitted by the Federal Rules. As the court in *Fritsch v. City of Chula Vista*, 196 F.R.D. 562 (S.D. Cal. 1999) makes clear, it is a matter of fairness – "that the discovery process be fair to both parties, so that each side is able to present an effective and complete case":

> [Plaintiff] can testify to her emotions near the incident, and defendant is free to cross examine her about the depth of her emotional damage and other factors in her life at that time. But to insure a fair trial, particularly on the element of causation, the court concludes that defendants should have access to evidence that [Plaintiff's] emotional state was caused by something else. Defendants must be free to test the truth of [Plaintiff's] contention that she is emotionally upset <u>because of</u> the defendants' conduct. Once [Plaintiff] has elected to seek such damages, she cannot fairly prevent discovery into evidence relating to the element of her claim.

196 F.R.D. at 569 (underline in original). Here, the Gregorys have chosen to put their physical and mental health at issue, making mental distress and bodily injury claims for which they seek $2.9 million in damages. Without Gregorys' health care records, SDS Lumber will be precluded from determining whether Gregorys' alleged emotional distress and physical bodily injuries were caused by the collision, or whether they were preexisting or attributable to other causes, and the value of such damages claims. The Gregorys should not be allowed to prevent SDS Lumber from testing the validity of their claims by refusing to produce their healthcare records.

**B.    NO PHYSICIAN-PATIENT PRIVILEGE EXISTS**

Federal law does not recognize a physician-patient privilege. *In re Grand Jury Proceedings*, 801 F.2d 1164, 1169 (9th Cir. 1986) (*citing*, *inter alia*, *Whalen v. Roe*, 429 U.S. 589, 602 n.28, 51 L. Ed. 2d 64, 97 S. Ct. 869 (1977)); *Roupe v. Strickland*, 2014 U.S. Dist. LEXIS 199975, *3-4 (W.D. Wash. 2014) (extended discussion). "Even if there were any applicable physician-patient privilege in this case, it would be waived by the commencement of this action, where [plaintiff] raised the claim that he suffered physical and mental harm." *Roupe*, 2014 U.S. Dist. LEXIS 199975, at *4 (*citing Sherman v. State*, 128 Wn.2d 164, 203, 905

MOTION TO COMPEL
Case No. 3:20-cv-05767-MJP - 5

ATTORNEYS AT LAW
BAUER  MOYNIHAN  &  JOHNSON LLP
2101 FOURTH AVENUE - Suite 2400
SEATTLE, WA  98121-2320
(206) 443-3400

P.2d 355 (1995)). *See also Melendez v. Gulf Vessel Mgmt.*, 2010 U.S. Dist. LEXIS 80713, *3 (W.D. Wash. 2010) ("Both the identities of all medical providers who treated Melendez in the last ten years and the medical records from those providers are relevant. Melendez's claims put his physical condition, mental health, and earning capacity at issue. Pre-existing medical conditions can impact those claims.").

Here, Gregorys claim physical and emotional harm as a result of the incident. The records are relevant and discoverable regarding not only Gregorys' current medical conditions, but also their pre- and post-collision medical conditions.

### C. PSYCHOTHERAPIST-PATIENT PRIVILEGE

In *Jaffee v. Redmond*, the United States Supreme Court held that there is a federal common law psychotherapist-patient privilege under ER 501. 518 U.S. 1, 18, 116 S. Ct. 1923, 1932, 135 L. Ed. 2d 337, 349 (1996). To invoke the privilege, however, a party has the burden to show that their psychotherapist (1) was licensed, (2) the communications were confidential, and (3) the communications were made during diagnosis or treatment. *United States v. Romo*, 413 F.3d 1044, 1047 (9th Cir. 2005).

#### 1. The Gregorys have failed to show the privilege applies.

The Gregorys have not come forward with evidence that any psychological treatment they may have received meets the three elements of the test. In the absence of any proof that the privilege applies at all, no further analysis is necessary and the requested discovery should be compelled. Moreover, such privilege plainly does not protect from discovery records of any physical injuries, the identity of any such medical providers, or the prescription records related to such treatment.

#### 2. Any privilege has been waived.

Even where the privilege is properly invoked, the Supreme Court has found "the patient may of course waive the protection" of the privilege. *Jaffee*, 518 U.S. at 15 n.14. The Ninth Circuit has been clear that a party waives "any privilege protecting his psychological records

MOTION TO COMPEL
Case No. 3:20-cv-05767-MJP - 6

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE - Suite 2400
SEATTLE, WA 98121-2320
(206) 443-3400

when he put[s] his emotional condition at issue[.]" *Maynard v. City of San Jose*, 37 F.3d 1396, 1402 (9th Cir. 1994); *Lahrichi v. Lumera Corp.*, 433 Fed. Appx. 519, 521 (9th Cir. 2011) (citing *Maynard*) ("The district court did not abuse its discretion in finding that Lahrichi's medical records were not protected by psychotherapist-patient privilege, because when a plaintiff puts his emotional condition at issue during a trial, he waives privilege protecting his psychological records.").

Although the Ninth Circuit waiver standards are clear, the district courts have taken "different approaches to determine whether the patient has waived the privilege in the course of asserting certain claims or damages." *Erickson v. Biogen, Inc.*, 2019 U.S. Dist. LEXIS 120187, *5 (W.D. Wash. 2019) (citing *EEOC v. The Cheesecake Factory, Inc.*, 2017 U.S. Dist. LEXIS 144391, *11 (W.D. Wash. 2017)). The approaches adopted by the district courts can be summarized as broad, narrow, and middle ground.

Under the broad approach, privilege is waived "whenever the plaintiff puts [his] medical condition at issue." *Id.*; *Maynard*, 37 F.3d at 1402; *Lahrichi*, 433 Fed. Appx. at 521. *See also Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006) ("If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state.")

Under the narrow approach, waiver occurs "only when the [claimant] affirmatively relies on privileged communications or where the plaintiff seeks more than 'garden variety' emotional distress damages and alleges emotional distress that is 'complex' or has resulted in specific disorders." *Erickson*, 2019 U.S. Dist. LEXIS 120187 at *5. But "[e]motional distress … is not garden variety" where it "result[s] in a specific psychiatric disorder." *Carrig v. Kellogg USA Inc.*, 2013 U.S. Dist. LEXIS 13560, at *6 (W.D. Wash. 2013) (*citing Ruhlmann v. Ulster County Dep't of Soc. Servs.*, 194 F.R.D. 445, 449 n. 6 (N.D.N.Y. 2000)). *See also Robertson v. Catholic Cmty. Servs. of W. Wash.*, 2020 U.S. Dist. LEXIS 64499, *10 (W.D. Wash. 2020) ("Emotional distress damages for conditions such as anxiety and depression are not recognized as 'garden-

MOTION TO COMPEL
Case No. 3:20-cv-05767-MJP - 7

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE - Suite 2400
SEATTLE, WA 98121-2320
(206) 443-3400

variety' emotional distress claims.").

Under the middle ground approach, a claimant waives the privilege by alleging more than "garden-variety" emotional distress. *Carrig,* 2013 WL 392715, at *2. "Garden-variety" emotional distress has been described as "'ordinary or commonplace emotional distress,' that which is 'simple or usual.'" *Id.* (quoting *Ruhlmann v. Ulster County Dep't of Soc. Servs.*, 194 F.R.D. 445, 449 n.6 (N.D.N.Y. 2000)).

Other district courts, however, have rejected these varying approaches to waiver. *See, e.g.*, *Busselman v. Battelle Mem'l Inst.*, 2019 U.S. Dist. Lexis 226436, *3-4 (E.D. Wash. 2019) ("[t]he Court finds these categories unhelpful at best and misleading at worst … It is enough to state the obvious: Plaintiff has placed her emotional status at issue by claiming Defendant caused her to suffer emotional distress damages. Therefore, Plaintiff has waived the psychotherapist-patient privilege"); *Bennett v. Interfor Pac., Inc.,* 2011 U.S. Dist. Lexis 68497, *5 (W.D. Wash. June 27, 2011) ("Bennett has chosen to put her health at issue in this case. Bennett, however, asserts that she is only claiming damages for "garden variety" emotional distress, which does not require disclosure of her health care records. The parties have failed to cite and the Court is unaware of any binding authority for the proposition that the standard for production is based on whether the alleged emotional distress is only 'garden variety.' Thus, production will be governed by the standards set forth in Fed. R. Civ. P. 26(b)(1)").

Regardless of which approach is taken, "[a] party cannot inject his or her psychological treatment, conditions, or symptoms into a case and expect to be able to prevent discovery of information relevant to those issues." *Ginter v. BNSF Ry. Co.*, 2014 U.S. Dist. LEXIS 9799, at *8 (W.D. Wash. Jan. 24, 2014).

### 3. The Gregorys' claims are not so-called "garden variety."

Because the Gregorys have alleged more than garden-variety emotional distress by claiming "shock, terror, and fear of immediate and impending death … by being run over by the Flotilla," *see* Dkt. No. 37 at 3, they have waived any psychotherapist-patient privilege under any

MOTION TO COMPEL
Case No. 3:20-cv-05767-MJP - 8

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE - Suite 2400
SEATTLE, WA 98121-2320
(206) 443-3400

of the three approaches and cannot now deny SDS Lumber discovery by representing in their discovery responses that they will limit their evidence at trial. *See*, *e.g.*, *Lodis v. Corbis Holdings Inc.*, 172 Wash. App. 835, 855-56, 292 P.3d 779, 791 (2013) ("Even if the plaintiff stipulates that he will not introduce any psychologist or expert testimony, the records may still be relevant to show causation and magnitude.")

Furthermore, a claimant who "asserts bodily injury . . . does not plead 'garden variety' emotional distress and is thus subject to waiver." *Rollins v. Traylor Bros., Inc.,* 2017 U.S. Dist. LEXIS 69211 (W.D. Wash. May 5, 2017) (citing *Sims v. Lakeside Sch.*, 2007 U.S. Dist. LEXIS 18675 (W.D. Wash. Mar. 15, 2007). The Gregorys have both claimed bodily injury and have moved their claims beyond simply "garden variety" emotional distress. See *Tang v. City of Seattle,* 2020 U.S. Dist. LEXIS 243996 (W.D. Wash. Dec. 29, 2020) ("the fact that plaintiff sought medical care (and incurred medical costs) suggests that the level of distress he experienced was severe and beyond the garden variety emotional injuries a lay person would associate with [the allegations of the cause of action]."); *Timothy v. Oneida Cty.*, 2015 U.S. Dist. LEXIS 57753 (D. Idaho Apr. 30, 2015) ("the intensity and duration of the distress are factors to be considered in determining its severity. As a result, the Court is not persuaded by defendants' argument that plaintiff has alleged only garden-variety distress.").

    **4.**    **The Gregorys' psychological treatment records are discoverable and relevant to SDS Lumber's defense.**

Gregorys have waived any potential privilege to their psychological treatment records by placing their mental conditions at issue and seeking more than "garden variety" emotional distress damages. Their mental health treatment records are discoverable under Fed. R. Civ. P. 26(b)(1) (parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in

MOTION TO COMPEL
Case No. 3:20-cv-05767-MJP - 9

ATTORNEYS AT LAW
BAUER  MOYNIHAN  &  JOHNSON LLP
2101 FOURTH AVENUE - Suite 2400
SEATTLE, WA  98121-2320
(206) 443-3400

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."). The records sought are not privileged and are proportional to $2.9 million in alleged damages sought. SDS Lumber has no access to Gregorys' medical records by any other means.

Gregorys' medical records are necessary for SDS Lumber's assessment of any pre-incident and post-incident physical and mental condition, causation, and medical treatment received in order to prepare its defense. See *Owens v. Sprint/United Mgmt. Co.,* 221 F.R.D. 657, 660 (D. Kan. 2004) (Plaintiff's medical and health care providers and records relating to her medical care, treatment, and counseling are relevant to the claims she seeks to assert for her "garden variety" emotional damages under Title VII. The information and documents are further relevant to the preparation of Defendant's defenses against Plaintiff's emotional distress damages claims because her medical records may reveal stressors unrelated to Defendant that may have affected Plaintiff's emotional wellbeing.). Because the existence of or treatment for emotional distress prior to the collision would undermine and potentially refute Claimants' claims, SDS Lumber is not only entitled to healthcare records after but also prior to the collision. See *Ipox v. EHC Fin. Servs., LLC*, 2008 U.S. Dist. LEXIS 83577, at *7-8 (W.D. Wash. 2008) (medical records, before, during, and after termination – greater than a 10-year time period – deemed relevant to question of whether defendant caused mental distress).

Claimants are seeking damages of at least $2.9 million, a figure grossly disproportionate to "garden variety" emotional distress claims. See *McIntosh v. Geithner,* 2011 U.S. Dist. LEXIS 58340 *50, 2011 WL 2160919 (E.D. Cal. May 31, 2011) ("courts often examine the duration, extent and consequences of mental anguish suffered by the plaintiff to determine whether the case is a 'garden variety' mental-anguish claim, in which awards 'hover in the range of $5,000 to $30,000.'") (quoting *Kinneary v. City of New York*, 536 F.Supp.2d 326, 331 (SDNY 2008)). SDS Lumber is entitled to assess what, if anything, could have caused the Gregorys' alleged mental anguish that would lead them to allege multi-million-dollar claims.

MOTION TO COMPEL
Case No. 3:20-cv-05767-MJP - 10

ATTORNEYS AT LAW
BAUER  MOYNIHAN  &  JOHNSON LLP
2101 FOURTH AVENUE - Suite 2400
SEATTLE, WA  98121-2320
(206) 443-3400

## V. CONCLUSION

SDS Lumber is entitled to the requested medical, prescription and psychological treatment records from claimants. Claimants have not shown that the psychotherapist-patient privilege applies, they have waived any such privilege by placing their mental health at issue, and they have claimed more than "garden variety" damages in any event. Claimants have also claimed bodily injury and have placed their physical health at issue in this case. Claimants' health care records are discoverable and necessary for SDS Lumber's defense of claimants' damages claims. SDS Lumber's motion should be granted.

DATED this 8th day of April, 2021.

BAUER MOYNIHAN & JOHNSON LLP

/s/ Matthew C. Crane
Matthew C. Crane, WSBA No. 18003

/s/ Meliha Jusupovic
Meliha Jusupovic, WSBA No. 54024

Bauer Moynihan & Johnson LLP
2101 Fourth Avenue Suite 2400
Seattle, WA 98121
Telephone: (206) 443-3400
Fax: (206) 448-9076
Email: mccrane@bmjlaw.com
       mjusupovic@bmjlaw.com

Attorneys for Petitioner S.D.S. Lumber Co.

MOTION TO COMPEL
Case No. 3:20-cv-05767-MJP - 11

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE - Suite 2400
SEATTLE, WA 98121-2320
(206) 443-3400