UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| S.D.S. LUMBER CO., <br><br> Petitioner, <br><br> v. <br><br> KEVIN GREGORY ET AL., <br><br> Claimants. | CASE NO. C20-5767 MJP <br><br> ORDER GRANTING MOTION TO COMPEL |

The matter before the Court is Petitioner's motion to compel. Having considered the motion and all related papers, (Dkt. Nos. 43, 49, 50, 56, 57, 58), the Court GRANTS the motion to the extent set forth in this Order. Claimants are ORDERED to answer, without objection, Petitioner's Interrogatories 2 and 3 and to produce all responsive documentation to Petitioner's Requests for Production 21 and 22 within 10 days of this Order. (See Dkt. No. 43, Declaration of Matthew C. Crane ("Crane Decl."), Exs. 1 & 2.) The period subject to discovery is five years before the collision at issue in this proceeding to now. The Court also GRANTS Claimants' request for a protective order and ORDERS that the use of all medical- and mental health-related records and information is limited to this proceeding.

ORDER GRANTING MOTION TO COMPEL - 1

**BACKGROUND**

SDS Lumber Co. commenced this action under the Limitation of Liability Act ("the Act"), 46 U.S.C. §§ 30501–30512, and Supplemental Admiralty and Maritime Claims Rule F, to limit any liability for damages caused by a collision between its tugboat and a recreational boat owned and occupied by Claimants Kevin and Jacob Gregory. (Dkt. No. 1.) Additional background is contained in the Court's previous orders. (See Dkt. Nos. 29, 60.)

Claimants seek compensatory and punitive damages for physical pain and suffering and emotional distress caused by the collision. (Dkt. No. 57, Declaration of James P. Jacobsen ("Jacobsen Decl."), Exs. A & B.) Claimants state they are limiting their claims to "garden variety" emotional distress and seek no compensation for physical injury, medical treatment, lost wages, or lost earning capacity. Id. Nevertheless, they have previously demanded Petitioner pay $2.9 million to settle their claims. (Crane Decl. at 1.) Petitioner moves to compel Claimants to produce medical, psychological, and pharmaceutical information and documents from before and after the incident. (Dkt. No. 49.) Specifically, Petitioner seeks answers to two interrogatories and two requests for production. (See Crane Decl., Exs. 1 & 2; see also Jacobsen Decl., Exs. A & B.)

Petitioner argues such discovery is relevant to determining the cause of any physical pain or emotional distress Claimants experienced and that Claimants have waived whatever privileges apply by putting their physical and mental condition at issue. (Dkt. Nos. 49, 58.) Claimants oppose on several grounds. (Dkt. Nos. 56, 57.) They argue Petitioner's counsel did not meet and confer. They also argue that the discovery sought is not relevant because (a) they intend to pursue their claims in state court, not this proceeding, and (b) they do not seek damages for physical injury or diagnosable mental-health conditions and will not rely on any such records to

prove their claims.  They also argue that the discovery is protected by federal or Washington privileges.  In the event discovery is granted, they seek a protective order to limit the use of such records and information to this proceeding.  Petitioner does not oppose such a protective order. (Dkt. No. 58.)

**DISCUSSION**

**A.      Meet and Confer**

The Parties have an obligation to meet and confer in good faith to resolve discovery disputes before moving to compel.  Fed. R. Civ. P. 37(a)(1).  It is undisputed that there were two phone calls between counsel concerning the discovery at issue.  (Dkt. No. 50, Declaration of Meliha Jusupovic; Dkt. No. 56 at 2.)  Nevertheless, Claimants argue Petitioner did not meet their Rule 37 obligations because the Parties exchanged a proposed stipulation that Claimants contend would have made this motion unnecessary.  (Dkt. No. 56 at 2–3; Jacobsen Decl., Ex. C.) However, Claimants rejected material terms of Petitioner's proposal, which would have limited Claimants' claims and the evidence relied on to prove them but, in any case, would not have addressed Petitioner's discovery requests.  (See Jacobsen Decl., Ex. C.)  Claimants have maintained their position denying discovery and have not proposed any way to close the gap between the two sides.  (See id., Exs. A & B.)  Petitioner has met its obligations under Rule 37.

**B.      Relevance**

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," among other considerations. Fed. R. Civ. P. 26(b)(1).  Petitioner argues the discovery sought is relevant because Claimants have put their physical and mental health at issue and that they need the discovery to assess whether the injuries alleged were caused by the collision, or are due to other causes, as well as

the value of the claims. (Dkt. No. 49 at 5.) Claimants argue the discovery at issue is not relevant, for two reasons.

Claimants first argue that this proceeding will not determine their claims, because they have the right to pursue their claims in state court. (Dkt. No. 56.) Federal courts have exclusive jurisdiction over cases in admiralty or maritime jurisdiction. 28 U.S.C. § 1333(1). That includes determining whether a vessel owner is entitled to limitation of liability. 46 U.S.C. §§ 30501–30512. Claimants do have the right to pursue "all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). However, that right is subject to Petitioner's right to seek limitation in federal court. See Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 453 (2001). Once a vessel owner has filed a petition and complied with the procedural requirements of the Act, "all claims and proceedings against the owner related to the matter in question shall cease." 46 U.S.C. § 30507. Under the Act, if a court finds liability but grants limitation, it will apportion losses among claimants. 46 U.S.C. § 30507. None of the exceptions to this procedure have arisen at this stage. See Lewis, 531 U.S. at 454. The Gregorys' claims are part of this proceeding and subject to discovery.

Second, Claimants argue that the discovery is not relevant because they seek only damages for "garden variety" emotional distress and not for physical injury or diagnosable mental illness. (Dkt. No. 56 at 3.) Damages totaling $2.9 million are not "garden variety." See, e.g., Lore v. City of Syracuse, 670 F.3d 127, 177–80 (2d Cir. 2012) (upholding award of $150,000).

**C.      Privilege**

While most of the briefing by the Parties on privilege is on federal law, Claimants also argue Washington law should govern because they intend to proceed on their claims in state

court. Whatever the merits of this argument, e.g., Hartford Fire Ins. Co. v. Garvey, 109 F.R.D. 323, 325 (N.D. Cal. 1985), the result is the same either way: they have waived whatever privileges apply.

Washington protects psychotherapist-patient and physician-patient communications from compelled disclosure. Wash. Rev. Code § 5.60.060(4) (physicians); Wash. Rev. Code § 18.83.110 (psychologists). However, "[n]inety days after filing an action for personal injuries or wrongful death, the claimant shall be deemed to waive the physician-patient privilege." Wash. Rev. Code § 5.60.060(4)(b). Claimants seek damages for "physical pain and suffering," so they have waived the privilege. (Jacobsen Decl., Exs. A & B.) Washington courts have applied this statute to find the psychologist-patient privilege similarly waived in the context of emotional distress claims. Lodis v. Corbis Holdings, Inc., 172 Wash.App. 835, 855 (2013).

Federal law protects confidential communications between a licensed psychotherapist and patient during the course of diagnosis and treatment. Jaffee v. Redmond, 518 U.S. 1, 15 (1996). As an initial matter, even assuming there is no waiver, the privilege does not apply to some of the records and information sought. It applies only to communications that occurred "in the course of diagnosis or treatment." Id. at 15. Therefore, it does even apply to parts of Petitioner's demands. (See Crane Decl., Exs. 1 & 2).

Where the psychotherapist-patient privilege does apply, it is waived when a plaintiff puts their "emotional condition at issue." Maynard v. City of San Jose, 37 F.3d 1396, 1402 (9th Cir. 1994). The Ninth Circuit has not specified exactly what constitutes placing one's emotional condition "at issue," so district courts have taken different approaches with respect to waiver when it comes to "garden variety" emotional distress. E.g., EEOC v. Cheesecake Factory, Inc., C16-1942-JLR, 2017 WL 3887460, at *4 (W.D. Wash. 2017). However, the Court need not

discuss these approaches in detail, as it is clear that, by seeking damages of $2.9 million, Claimants are not alleging "garden variety" emotional distress.  See Lore v. City of Syracuse, 670 F.3d 127, 177–80 (2d Cir. 2012).  Therefore, they have put their emotional condition "at issue" in this proceeding and have waived the privilege.

There is no physician-patient privilege under federal law.  The Ninth Circuit has recognized a constitutional right to the privacy of medical information in certain contexts.  Seaton v. Mayberg, 610 F.3d 530, 536–37 (9th Cir. 2010); United States v. Chase, 340 F.3d 978, 985 (9th Cir. 2003).  The Ninth Circuit has not set out clear rules for waiver in the context of the discovery at issue here.  Even assuming it would apply, other district courts have held the right is waived when a plaintiff puts their physical health "at issue."  See EEOC v. Cheesecake Factory, Inc., C16-1942-JLR, 2017 WL 3887460, at *7 (W.D. Wash. 2017) (collecting cases).  Claimants have put their physical condition "at issue" because they seek damages for "physical pain and suffering." (Jacobsen Decl., Exs. A & B.)  Therefore, they have waived the privilege.

Having found that the discovery at issue is relevant and proportional to the needs of the case and that Claimants have waived whatever privileges they have, the Court ORDERS Claimants to comply with the discovery requests as stated above.  Nevertheless, finding good cause, the Court GRANTS Claimants' request for a protective order limiting the use of any medical- or mental health-related information or records to this proceeding.

The clerk is ordered to provide copies of this order to all counsel.

Dated July 12, 2021.

Marsha J. Pechman
United States Senior District Judge