UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| S.D.S. LUMBER CO., <br><br>                Plaintiff,<br><br>    v.<br><br>KEVIN GREGORY; JACOB GREGORY,<br><br>                Defendant. | CASE NO. C20-5767 MJP <br><br> ORDER ON PETITIONER'S MOTION TO STRIKE AND CLAIMANTS' CROSS-MOTION |

    This matter is before the Court on Petitioner's motion to strike or disregard Claimants' response to its motion for partial summary judgment, (Dkt. No. 72), and Claimants' cross-motion to consider deposition testimony in connection with Petitioner's motion for partial summary judgment, (Dkt. No. 76). Having considered the motions, the Court DENIES Petitioner's motion to strike and GRANTS Claimants' cross-motion.

    In their opposition to Petitioner's motion for summary judgment on punitive damages, Claimants asked for a Rule 56(d) continuance, stating that they were unable to schedule the deposition of Captain Cornelison due to scheduling conflicts of Petitioner's counsel and the

1  Captain. (Dkt. Nos. 63, 64.) After the motion was briefed but before it was decided, Claimants
2  filed the deposition transcript to be considered. (Dkt. Nos. 70, 71.) Petitioner then moved to
3  strike the filing as untimely. (Dkt. No. 72.) Claimants opposed and cross-moved to ask the
4  Court to consider the deposition. (Dkt. No. 76.) The motion for summary judgment was re-
5  noted, Petitioner filed a combined reply and opposition to the cross-motion, (Dkt. Nos. 84, 85),
6  and Claimants filed a surreply, (Dkt. Nos. 89, 90).
7       "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot
8  present facts essential to justify its opposition, the court may: (1) defer considering the motion or
9  deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any
10 other appropriate order." Fed. R. Civ. P. 56(d). Claimants have set forth specific facts
11 explaining why they were unable to present evidence essential to their opposition. (Dkt. No. 64,
12 Declaration of James P. Jacobsen.) The deposition of the captain piloting the tugboat allegedly
13 responsible for the collision at issue here falls into the category of facts that are essential for
14 consideration on the issue of punitive damages. As the DAUBY's captain, punitive damages
15 will turn on whether his conduct exhibited reckless disregard for Claimants' safety. See Exxon
16 Shipping Co. v. Baker, 554 U.S. 471, 476–78 (2008); Protectus Alpha Navigation Co. v. North
17 Pacific Grain Growers, Inc., 767 F.2d 1379, 1385 (9th Cir. 1985). Petitioner's motion noted four
18 weeks before the close of discovery and before Claimants could depose the captain. After
19 Petitioner served its motion, Claimants' attorneys promptly scheduled the deposition of Captain
20 Cornelison, but the deposition was rescheduled to after the motion's noting date because
21 Petitioner's counsel and the captain were unavailable. Because "summary judgment is
22 disfavored where relevant evidence remains to be discovered," Jones v. Blanas, 393 F.3d 918,
23
24

1  930 (9th Cir. 2004), the Court DENIES Petitioner's motion to strike and GRANTS Claimants'
2  motion to consider the deposition.
3      The clerk is ordered to provide copies of this order to all counsel.
4      Dated October 21, 2021.

*signature*

Marsha J. Pechman
United States District Judge

ORDER ON PETITIONER'S MOTION TO STRIKE AND CLAIMANTS' CROSS-MOTION - 3