UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| S.D.S. LUMBER CO.,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>KEVIN GREGORY; JACOB GREGORY,<br><br>　　　　　Claimants. | CASE NO. C20-5767 MJP<br><br>ORDER DENYING PETITIONER'S MOTION TO EXCLUDE EXPERT TESTIMONY |

This matter is before the Court on Petitioner's motion to exclude expert testimony. (Dkt. No. 77.) Having fully considered the briefing, (Dkt. Nos. 77, 78, 86, 87, 88, 91), the Court DENIES the motion.

This is an admiralty proceeding commenced by Petitioner SDS Lumber Company to limit any liability for damages caused by a collision on the Columbia River involving its tugboat, the DAUBY, and a recreational vessel, occupied by Claimants Kevin Gregory and Jacob Gregory. (See Dkt. No. 30 ("Amended Complaint").) Trial is scheduled for December 6, 2021.

1    Petitioner makes four arguments for excluding the opinions of Claimants' expert witness,
2    Captain R. Russell Johnson.[1]  First, Petitioner argues Captain Johnson's supplemental report
3    dated June 11, 2021 should be excluded because it was untimely.  (Dkt. No. 77.)  Petitioner is
4    correct that it was untimely but incorrect by how much and has not shown any prejudice for the
5    late disclosure.  Parties must disclose expert testimony, including reports, according to the
6    deadline set by the Court or, absent that, at least 90 days before trial.  Fed. R. Civ. P.
7    26(a)(2)(D).  But "if the evidence is intended solely to contradict or rebut evidence on the same
8    subject matter identified by another party," the disclosure must be made within 30 days after the
9    other party's disclosure.  Fed. R. Civ. P. 26(a)(1)(2)(D)(ii).

10   The deadline for expert witness reports was May 10, 2021.  (Dkt. No. 25.)  Captain
11   Johnson's first report was dated May 6.  The report of Petitioner's expert witness, James. R.
12   Townley, was dated May 10.  Captain Johnson's supplemental report, dated June 11, was
13   apparently not received by Petitioner's counsel until June 14.  Petitioner argues the supplemental
14   report was over 30 days late.  That is incorrect.  As a rebuttal report, it was five days late.  See
15   Fed. R. Civ. P. 26(a)(1)(2)(D)(ii).  Deadlines are important and Claimants have provided no
16   justification for their delay.  But Petitioner demonstrates no prejudice.  There is usually no
17   penalty when a late disclosure is harmless.  See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,
18   259 F.3d 1101, 1106 (9th Cir. 2001) (citing Fed. R. Civ. P. 37(c)(1)).  The Court will not strike
19   an entire expert witness rebuttal report that is five days late and received before the close of
20   discovery—and nearly six months before trial—under these circumstances.  "Deadlines must not

---

[1] Petitioner withdrew the part of its motion to exclude legal conclusions from the Captain's testimony.  (See Dkt. No. 91.)

be enforced mindlessly, of course." Wong v. Regents of Univ. of California, 410 F.3d 1052, 1060 (9th Cir. 2005).

Second, Petitioner argues Captain Johnson's supplemental report contains opinion about facts that were known to him at the time he wrote his initial report and should therefore be excluded. But the Court rejects the premise of this argument—that the report is not a rebuttal—and so need not discuss this issue further. Captain Johnson is free to draw on previously known facts in response to Petitioner's own expert witness report.

Third, Petitioner objects to Captain Johnson's testimony about Captain Frank Cornelison's use of radar, arguing that his opinions are speculative. Captain Johnson is competent to testify about the use of radar generally. (See Jusupovic Decl., Ex. 2; Dkt. No. 87, Declaration of James P. Jacobsen, Ex. B; Dkt. No. 88, Declaration of Captain R. Russell Johnson.) His statements about Captain Cornelison's use of radar are not unduly speculative; he is opining about what a typical radar on a tugboat should be expected to pick up under similar circumstances. In any case, the Court is aware Captain Johnson was not peeking over Captain Cornelison's shoulder as he piloted the DAUBY and is competent to afford his statements appropriate weight. His opinions are also not contrary to the undisputed evidence. If anything, Captain Cornelison has made contradictory statements about his use of radar. In the marine casualty report he filled out, Captain Cornelison states, "I did not see or pick up anything on radar." (Dkt. No. 62, Declaration of Meliha Jusupovic, Ex. 2.) But in his deposition testimony, he says he picked up smaller vessels on his radar around the time of the collision. (Dkt. No. 71, Declaration of James P. Jacobsen, Ex. A, Deposition of Captain Frank Cornelison, 36:2–18.).

Fourth, and finally, Petitioner objects to Captain Johnson's opinions about a prior incident involving a different tugboat owned and operated by Petitioner as irrelevant and unduly

be enforced mindlessly, of course." Wong v. Regents of Univ. of California, 410 F.3d 1052, 1060 (9th Cir. 2005).

Second, Petitioner argues Captain Johnson's supplemental report contains opinion about facts that were known to him at the time he wrote his initial report and should therefore be excluded. But the Court rejects the premise of this argument—that the report is not a rebuttal—and so need not discuss this issue further. Captain Johnson is free to draw on previously known facts in response to Petitioner's own expert witness report.

Third, Petitioner objects to Captain Johnson's testimony about Captain Frank Cornelison's use of radar, arguing that his opinions are speculative. Captain Johnson is competent to testify about the use of radar generally. (See Jusupovic Decl., Ex. 2; Dkt. No. 87, Declaration of James P. Jacobsen, Ex. B; Dkt. No. 88, Declaration of Captain R. Russell Johnson.) His statements about Captain Cornelison's use of radar are not unduly speculative; he is opining about what a typical radar on a tugboat should be expected to pick up under similar circumstances. In any case, the Court is aware Captain Johnson was not peeking over Captain Cornelison's shoulder as he piloted the DAUBY and is competent to afford his statements appropriate weight. His opinions are also not contrary to the undisputed evidence. If anything, Captain Cornelison has made contradictory statements about his use of radar. In the marine casualty report he filled out, Captain Cornelison states, "I did not see or pick up anything on radar." (Dkt. No. 62, Declaration of Meliha Jusupovic, Ex. 2.) But in his deposition testimony, he says he picked up smaller vessels on his radar around the time of the collision. (Dkt. No. 71, Declaration of James P. Jacobsen, Ex. A, Deposition of Captain Frank Cornelison, 36:2–18.).

Fourth, and finally, Petitioner objects to Captain Johnson's opinions about a prior incident involving a different tugboat owned and operated by Petitioner as irrelevant and unduly

1  prejudicial under Rule 404(b).  However, it is unclear at this stage how Claimants propose to use these statements.  Therefore, the Court DENIES this objection without prejudice to Petitioner's right to raise it in a motion in limine.

Petitioner's motion to exclude is DENIED.  The clerk is ordered to provide copies of this order to all counsel.

Dated October 25, 2021.

Marsha J. Pechman
United States Senior District Judge